IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COOLER KING, LLC,
GENIUS SERVICES, INC.
and RENEE DEHKO

      Plaintiffs,                            Case No.

v.                                     Hon.

ROHAN GRANT, ARTHUR OSTERHOUT,
and RYAN LANDRY,

      Defendants.

_____/

## COMPLAINT

NOW COME Plaintiffs **COOLER KING, LLC, GENIUS SERVICES, INC. and RENEE DEHKO**, by and through their attorneys, Sullivan, Ward, Asher & Patton, P.C., and for their Complaint state as follows:

## PARTIES AND JURISDICTION

### Plaintiffs

1.    **Plaintiff COOLER KING, LLC** is a Michigan Limited Liability Company located at 1551 Academy Street, Ferndale, Michigan, 48220 which is engaged in the business of commercial cooling and refrigeration equipment sales.

2.    **Plaintiff GENIUS SERVICES, INC. ("GSI")** is a Michigan corporation located at 1450 Academy Street, Ferndale, MI 48220 providing billing services including credit card processing.

3.    **Plaintiff RENEE DEHKO** is the personal guarantor for the merchant services contract with CardConnect.

4.      **ROBERT DEHKO** is the owner and president of Cooler King, LLC and resides at 5830 Roundhill Road, Bloomfield Hills, Michigan 48301.

**Defendants**

5.      **Defendant Rohan Grant ("Grant")** is an individual with last known domicile in the state of Georgia with his principal place of residence at 504 Thoreau Lane, Jonesboro, Georgia 30236-5581.

6.      **Defendant Arthur Osterhout ("Osterhout")** is an individual domiciled in the State of California with his principal place of residence at 2405 McCabe Way #212, Irvine, California 92614.

7.      **Defendant Ryan Landry ("Landry")** is an individual domiciled in the State of Texas with his principal place of residence at 3262 Westheimer Road, Houston, Texas 77098.

**Nature of Claim, Jurisdiction and Venue**

8.      This action arises under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC § 1961 *et seq*. and the common and statutory laws of the State of Michigan. The claims set forth herein are for racketeering activity in violation of 18 USC § 1962(c) and (d), and breach of contract, fraudulent misrepresentation (actual fraud and silent fraud), innocent misrepresentation, foreclosure on mortgage interests and unjust enrichment under the common law and statutory laws of the state of Michigan.

9.      This Court has jurisdiction over the claims for relief pursuant to 18 USC § 1964, 28 USC § 1332 and 28 USC § 1367.

10.     Personal jurisdiction and venue are proper under 28 USC § 1332; 18 USC § 1965; 28 USC § 1367; MCL §§ 600.701, 600.705, 600.711 and 600.715.

**Factual Allegations**

11.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 8 as if fully restated herein.

12.     Plaintiff Cooler King, LLC is engaged in the business of selling commercial cooling and refrigeration equipment.

13.     As part of its business, Plaintiff Cooler King, LLC deals with sales brokers to facilitate dealings with overseas buyers who desire to purchase commercial cooling and refrigeration equipment to be delivered to locations the State of Michigan.

14.     Plaintiff Genius Services, Inc. processes any and all credit card transactions for Cooler King, LLC.

15.     On December 9, 2016 Defendants Landry and Osterhout contacted Plaintiff Cooler King, LLC's General Manager Robert Dehko regarding an overseas buyer ("the Buyer") wanting to purchase commercial refrigeration and cooling equipment for various grocery stores.

16.     On December 16, 2016 Defendants Landry and Osterhout again contacted Robert Dehko regarding the Buyer.

17.     On December 16, 2016 Plaintiff Cooler King, LLC entered into an agreement with Defendants Grant, Landry, and Osterhout whereby Robert Dehko procure various cooling and refrigeration equipment at the bequest of the Buyer.

18.     Plaintiff was to accept payment from the Buyer and to transmit fees and expenses to Defendant Grant.

19.     On December 16, 2016 the Buyer purchased $94,684.38 worth of equipment using a credit card issued through Air Bank A.S. (Czech Republic).

20.     CardConnect Corporation ("CardConnect") acted as the payment processor for the transaction between the Buyer and Plaintiff.

21.     On December 19, 2016 Plaintiff GSI's Chase Bank Account was credited $36,905.76 and the remaining $57,954.24 was held by CardConnect.

22.     On December 20, 2016 an additional $34,125.00 was transferred into Plaintiff GSI's Chase Bank Account.

23.     On December 20, 2016 the Buyer purchased an additional $143,000.00 worth of equipment using a credit card issued through Air Bank A.S.

24.     On December 21, 2016 the Buyer purchased an additional $145,000.00 worth of equipment using a credit card issued through Air Bank A.S

25.     On December 21, 2016 $72,936.75 was transferred into Plaintiff GSI's Chase Bank Account.

26.     On December 21, 2016, Plaintiff sent via wire transfer $7,350.00 to Defendant Osterhout and $64,201.00 to Defendant Grant.

27.     The Bancorp, Inc. ("Bancorp") acted as the payment processor for the transaction between Plaintiffs and Defendants Grant and Osterhout.

28.     On December 22, 2016 the Buyer purchased an additional $135,000.00 worth of equipment using a credit card issued through Air Bank A.S

29.     On December 22, 2016 $107,448.25 was transferred into Plaintiff GSI's Chase Bank Account.

30.     On December 22, 2016 Plaintiffs sent $99,900.00 via wire transfer to Defendant Grant and $37,050.00 via check to Defendant Osterhout.

31.     On December 23, 2016, $137,860.03 was transferred into Plaintiff GSI's Chase Bank Account.

32.     On December 23, 2016 Plaintiffs sent via wire transfer $99,500.00 to Defendant Grant.

33.     On December 28, 2016 Robert Dehko received notification from CardConnect of chargebacks related to the December 16th and 20th, 2016 transactions totaling $100,000.00.

34.     On January 5, 2017 Robert Dehko again received notification from CardConnect of chargebacks related to the December 21st, 22nd, and 23rd, 2016 transactions totaling $320,000.00.

35.     Thereafter, Robert Dehko received notification from CardConnect that the transactions from Air Bank A.S. were fraudulent.

36.     On or around January 5, 2017 CardConnect demanded payment of $492, 393.96 due to the purportedly fraudulent charges from Air Bank A.S.

37.     Plaintiff Renee Dehko is the personal guarantor to this outstanding debt.

38.     As of February 13, 2017, Bancorp is still in possession of approximately $270,951.00 that was sent via wire transfer from Plaintiffs to Defendants Grant and Osterhout.

## COUNT I

## VIOLATION OF 18 USC 1962(c) BY ALL RICO DEFENDANTS

39.     **Plaintiffs** incorporate by reference the allegations contained in paragraphs 1 through 36 as if set forth in full.

40.     The **RICO Defendants** are each a "person" within the meaning of 18 USC 1961(3) and 1964(c).

41.     These **RICO Defendants**, or certain combinations of them, at various times, acted in concert to form an "enterprise" within the meaning of 18 USC 1961(4) and 1962(c),

which enterprise was engaged in and activities of which affected interstate and foreign commerce during the relevant times.

42.     The **RICO Defendants**, in various combinations at different times, constitute an ongoing organization and associated together for the common purpose of defrauding Plaintiffs King Cooler, LLC and Robert Dehko using wire and electronic transfers predicated on material misrepresentations made by these **RICO Defendants**.

43.     Specifically, **Defendants Landry and Osterhout** would represent to Plaintiffs that an overseas buyer was legitimate for purposes of purchasing commercial cooling and refrigeration equipment.

44.     **Defendant Grant and Osterhout** would accept payments from Plaintiff Dehko for procuring a buyer and for securing various commercial cooling equipment while knowing the Buyer's transactions to be fraudulent and not securing any commercial equipment as promised.

45.     In some instances, **Defendant Osterhout**, acting alone or in concert with other **RICO Defendants**, would contact the Plaintiff regarding additional purchase requests from the Buyer while knowing the falsity of the Buyer's transaction.

46.     The **RICO Defendants** were each employed by or associated with the enterprise and did conduct, or participated, directly or indirectly, in the conduct of the enterprise through a pattern of racketeering activity within the meaning of 18 USC 1961(1)(B) and 1961(5) and 1962(c), including multiple instances of mail fraud in violation of 18 USC § 1341 and multiple instances of wire fraud in violation of 18 USC § 1343.

47.     As set forth above, the enterprise conducted a pattern of racketeering activity over a period from December 2016 through January 2017 consisting of, among other things, fraud and

misrepresentation jointly perpetrated by the **RICO Defendants**, and various combinations of them, by wire and mail transmission.

48.     By reason of the violation of 18 USC § 1962 (c) committed by **RICO Defendants**, Plaintiff was injured in its business and property, in an as yet undetermined amount, within the meaning of 18 USC § 1964 (c).

**WHEREFORE, Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** respectfully request the following relief:

(a)     That this Honorable Court grant judgment of this Count 1 in favor of **Plaintiffs Cooler King, LLC, Genius Services, Inc. and Renee Dehko** and against the **RICO Defendants**, jointly and severally, in those actual sums in which **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** has been damaged by the **RICO Defendants**' fraudulent actions; and

(b)     That this Honorable Court grant treble damages in favor of **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** and against the **RICO Defendants**, jointly and severally, as set forth 18 USC 1961, et seq.; and

(c)     That this Honorable Court grant attorney fees in favor of **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** and against the **RICO Defendants**, jointly and severally, as set forth in 18 USC 1961, et seq.; and

(d)     All other legal and equitable relief that this Honorable Court deems fit.

## COUNT II

## COMMON LAW FRAUD BY THE RICO DEFENDANTS

49.     **Plaintiffs** incorporate by reference the allegations contained in paragraphs 1 through 36 as if set forth in full.

50.     The conduct specifically set forth above by the **RICO Defendants** constitutes actual fraud under the laws of the State of Michigan.

51.     As set forth above, numerous material misstatements and omissions were made by the **RICO Defendants** to **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** in furtherance of defrauding Plaintiffs and securing payments for fraudulent transactions and services not rendered.

52.     At the time of the making the material misstatements and omissions, the **RICO Defendants** knew that said misstatements were false at the time they were made.

53.     At the time of making the omissions, the **RICO Defendants** had an obligation and they knew they had an obligation to disclose information which they failed to disclose.

54.     The material misstatements and omissions were made by the **RICO Defendants** with the intent that **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** rely on them in order to induce **Plaintiffs** in making multiple wire transaction to RICO Defendants for fraudulent transactions and services not rendered.

55.     The material misstatements and omissions made by the **RICO Defendants** were reasonably relied upon by **Plaintiffs** in making these payments.

56.     As a result of the fraud committed by the **RICO Defendants, Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** have suffered substantial damages.

        **WHEREFORE, Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** respectfully request the following relief:

    (a)    That this Honorable Court grant judgment of this Count II in favor of **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** and against the **RICO Defendants**, jointly and severally, in those actual sums in which **Plaintiffs** have been damaged by the **RICO Defendants'** fraudulent actions; and

    (b)    All other legal and equitable relief that this Honorable Court deems fit.

## COUNT III

## CIVIL CONSPIRACY BY THE RICO DEFENDANTS

57.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 54 as if set forth in full.

58.    The **RICO Defendants** have engaged in a continuous scheme to defraud **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** to induce **Plaintiffs** into making payments for fraudulent transactions and for services not rendered.

59.    The **RICO Defendants** conspired with one another, as set forth in the above allegations, and as may be further discovered in this matter, with the intent to and for the purpose of fraudulently inducing **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** into making payments for fraudulent transactions and for services not rendered.

60.    The **RICO Defendants** actions consisted of a combination of two or more persons who, through planned and concerted actions, accomplished an unlawful purpose and/or a lawful purpose through unlawful means, which constitutes a civil conspiracy under Michigan law.

-9-

61.     As a result of the conspiracy and the fraud committed by the **RICO Defendants**, **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** have suffered substantial damage.

**WHEREFORE, Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** respectfully request the following relief:

(a)     That this Honorable Court grant judgment of this Count III in favor of **Plaintiffs Cooler King, LLC, Genius Services, Inc., and Renee Dehko** and against the **RICO Defendants**, jointly and severally, in those actual sums in which **Plaintiffs** have been   damaged by the **RICO Defendants'** fraudulent actions; and

(b)     All other legal and equitable relief that this Honorable Court deems fit.

## COUNT IV

## UNJUST ENRICHMENT

62.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 59 as if set forth in full.

63.     Plaintiffs have provided money to the **RICO Defendants** to compensate for procuring a legitimate buyer and for expenses related to equipment purchases purported made to further the transactions.

64.     The **RICO Defendants** have failed to perform any of the promised services.

65.     The **RICO Defendants** have been unjustly enriched at the expense of Plaintiffs.

66.     Plaintiffs have been damaged by the unjust enrichment of the **RICO Defendants** in an amount exceeding $75,000.00.

WHEREFORE, Plaintiffs Cooler King, LLC, Genius Services, Inc. and Renee Dehko respectfully request the following relief:

     (a)    Damages in an amount exceeding $75,000.00; and

     (b)    Costs and reasonable attorney's fees incurred in this action; and

     (c)    All other legal and equitable relief that this Honorable Court deems fit.

Respectfully submitted,

SULLIVAN, WARD, ASHER & PATTON, P.C.

By:   /s/ A. Stuart Tompkins
       A. Stuart Tompkins (P23070)
       Seth P. Tompkins (P63249)
       Eric T. Ramar (P77713)
Attorneys for Plaintiff
25800 Northwestern Highway, Suite 1000
Southfield, MI 48075
(248) 746-0700

Date:  February 14, 2017

## VERIFICATION OF COMPLAINT

I, RENEE DEHKO, as Guarantor for the Merchant Services Contract with CardConnect, have read and made this Verified Complaint and attest that those facts stated of my own knowledge are true and those matters stated of which I have been informed I believe to be true after reasonable inquiry.

By: _____

Renee Dehko
Individually and Owner of Genius Services, Inc.

STATE OF MICHIGAN     )
                      )
COUNTY OF WAYNE       )

Signed and sworn to before me in on February 14, 2017, by RENEE DEHKO, Individually.

_____
Notary Public, Oakland County, MI
My commission expires 12/10/2018

Antoinette Bostice
Notary Public, State of Michigan
County of Oakland
My Commission Expires 12/10/2018

## VERIFICATION OF COMPLAINT

I, ROBERT DEHKO, as Owner and Authorized Representative for Plaintiff COOLER KING, LLC, have read and made this Verified Complaint and attest that those facts stated of my own knowledge are true and those matters stated of which I have been informed I believe to be true after reasonable inquiry.

**COOLER KING, LLC**

By: _____
        Robert Dehko
Its:    Owner and Authorized Representative


STATE OF MICHIGAN    )
                            )
COUNTY OF WAYNE    )

Signed and sworn to before me in on February _14_, 2017, by ROBERT DEHKO, as Owner and Authorized Representative for Plaintiff COOLER KING, LLC.

_____
Notary Public, Oakland County, MI
My commission expires 12/10/2018

Antoinette Bostice
Notary Public, State of Michigan
County of Oakland
My Commission Expires 12/10/2018