IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COOLER KING, LLC, GENIUS SERVICES, INC. and RENEE DEHKO, <br><br> Plaintiffs, <br><br> v. <br><br> ROHAN GRANT, ARTHUR OSTERHOUT and RYAN LANDRY, <br><br> Defendants. | Case No. 17-10476 (EAS) <br><br> Honorable Elizabeth A. Stafford |

## MOTION OF THE BANCORP BANK TO INTERVENE AND INTERPLEAD DISPUTED MONIES INTO THE REGISTRY OF THE COURT

Proposed Intervenor, The Bancorp Bank ("**Bancorp**"), by and through its undersigned attorneys, moves pursuant to F. R. Civ. P. Rules 22 and 24 for permission to intervene in this action as a nominal plaintiff for the limited purpose of interpleading disputed monies and in support of this Motion avers as follows:

1. Bancorp, in account DDA#1348103707 in the name of defendant Rohan C. Grant (the "**Account**"), currently holds, and may receive in the future, monies that are in dispute among the existing parties to this litigation (the "**Disputed Funds**").

2. As of the date hereof, the balance in the Account is $314,828.42.

3. On February 14, 2017, the Court entered an Order Regarding Plaintiffs' Motion for Temporary Restraining [D.I. 3] pursuant to which Bancorp is enjoined from distributing any and all funds out of the Account and related to the transactions by and among the parties to this action.

4. Pursuant to Fed. R. Civ. P. 24(a)(2), intervention is permitted as a matter of right

119473775_3

where: (a) the applicant claims an interest relating to the property or transaction that is the subject of the litigation; (b) the applicant is so situated that disposition of the lawsuit may as a practical matter impair or impede its ability to protect that interest; and (c) the applicant's interest is not fully or adequately represented by the existing parties to the litigation. *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 292 (6th Cir. 1983).

5. Applied here, Bancorp has a direct and substantial interest in this matter given the dispute among the parties regarding the Disputed Funds.

6. As an innocent stakeholder that is enjoined from taking any action with respect to the Disputed Funds, Bancorp submits that intervening in this action and interpleading the Disputed Funds, and any other funds subsequently deposited into the Account, into the registry of the Court represents the most practical and efficient means to protect its interests and resolve the dispute.

7. Because it has no independent liability to any of the parties in this action as its only interest arises from holding the Disputed Funds, Bancorp is seeking to be released from any and all liabilities associated with the disputed funds upon their submission to the registry of the Court.

8. Although nominally aligned with the Plaintiffs insofar as it seeks to ensure that the Disputed Funds are paid to the proper party, no party in this action can reasonably or properly protect Bancorp's interests.

9. Bancorp's intervention and interpleader of the Disputed Funds will neither delay nor impede the resolution of this action.

10. Prior to filing this Motion, Bancorp conferred with, and received the consent for the requested relief from, the respective counsel for the Plaintiffs and the Defendants.

119473775_3

11.     Because it is a disinterested stakeholder in this matter, seeking to interplead the Disputed Funds to the registry of this Court and requesting a discharge from liability, Bancorp is entitled to an award of its reasonable attorney fees and costs incurred in connection with this Motion.

WHEREFORE, Intervenor and Interpleader Plaintiff The Bancorp Bank respectfully requests the entry of an order (a) permitting Bancorp to intervene in this action as a nominal Plaintiff; (b) directing it to deposit the Disputed Funds, and any other funds subsequently deposited into the Account, into the Registry of this Court and immediately close the Account upon doing so; (c) discharging and releasing Bancorp of and from any and all liabilities related to, arising from and/or on account of the Disputed Funds; (d) directing that Bancorp's attorneys' fees incurred in preparing, filing and prosecuting this Motion be paid from the Disputed Funds; and (e) affording it such other and further relief as deemed just and proper.

Dated: March 28, 2017                **DILWORTH PAXSON LLP**

By: /s/ Scott J. Freedman
Mark A. Schiavo
Scott J. Freedman
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
Telephone: (856) 675-1900
Facsimile: (856) 663-8855

*Attorneys for The Bancorp Bank*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COOLER KING, LLC, GENIUS SERVICES, INC. and RENEE DEHKO,<br><br>Plaintiffs,<br><br>v.<br><br>ROHAN GRANT, ARTHUR OSTERHOUT and RYAN LANDRY,<br><br>Defendants. | Case No. 17-10476 (EAS)<br><br>Honorable Elizabeth A. Stafford |

DILWORTH PAXSON LLP
By:  Scott J. Freedman
Attorneys for Proposed Intervenor, The Bancorp Bank
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
(856) 675-1900

**ORDER REGARDING MOTION OF THE BANCORP BANK TO INTERVENE AND INTERPLEAD DISPUTED MONIES INTO THE REGISTRY OF THE COURT**

**THIS MATTER** having been opened to the Court by the motion (the "**Motion**") of The Bancorp Bank ("**Bancorp**"), pursuant to F. R. Civ. P. Rules 22 and 24, to intervene in this action as a nominal plaintiff for the limited purpose of interpleading disputed monies to the registry of the Court; and the Court having reviewed the Motion and being fully advised in the premises:

**IT IS ORDERED** that Bancorp is permitted to intervene in this action as a nominal plaintiff for the limited purpose of interpleading the Disputed Funds[1] to the registry of this Court;

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

119473775_3

**IT IS FURTHER ORDERED** that Bancorp shall tender a certified check or money order in the amount of $ _____ (the "**Deposited Funds**"), which represents the balance in the Account as of _____, and any other funds subsequently deposited into the Account, less Bancorp's attorney fees incurred in connection with the awarded hereunder, to the Clerk of the Court no later than ten (10) business days from the entry of this Order;

**IT IS FURTHER ORDERED** that immediately after depositing the Deposited Funds with the Court, Bancorp shall close the Account;

**IT IS FURTHER ORDERED** that the Court shall determine and declare the respective rights of each of the Plaintiffs and the Defendants in and to the Deposited Funds, if any;

**IT IS FURTHER ORDERED** that, upon the deposit of the Deposited Funds to the Clerk of the Court, Bancorp shall be discharged and released of and from any and all claims and liability with respect to, arising from or in any way related to the Deposited Funds and/or this action; and

**IT IS FURTHER ORDERED** that Bancorp is awarded attorney fees and costs incurred in connection with the preparation, filing and prosecution of this Motion in the amount of $_____ and permitted to deduct such amount from the Disputed Funds.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| COOLER KING, LLC, GENIUS SERVICES, INC. and RENEE DEHKO, : : : | |
| Plaintiffs,   : | Case No. 17-10476 (EAS) |
| v.   : : | Honorable Elizabeth A. Stafford |
| ROHAN GRANT, ARTHUR OSTERHOUT and RYAN LANDRY, : : : | |
| Defendants. | |

DILWORTH PAXSON LLP
By:  Scott J. Freedman
Attorneys for Proposed Intervenor, The Bancorp Bank
457 Haddonfield Road, Suite 700
Cherry Hill, New Jersey 08002
(856) 675-1900

## CERTIFICATE OF SERVICE

SCOTT FREEDMAN, being first duly sworn, deposes and submits that, on this 28th day of March, 2017, I caused to be served a copy of the *Motion of The Bancorp Bank to Intervene and Interplead Disputed Monies to the Registry of the Court* upon Seth P. Tompkins, counsel for the above-captioned plaintiffs *via* email at sptompkins@swappc.com.

/s/ Scott J. Freedman
Scott J. Freedman

119473775_3